UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JEEHYUNG THOMAS SONG            :
            Plaintiff,            :
                                :       **ORDER**
v.                              :
                                :       21 CV 2269 (VB)
LAWRENCE C. TURTIL,             :
            Defendant.           :
--------------------------------------------------------------x

      Now pending is plaintiff's "motion to admit evidence" (Doc. #61), by which plaintiff, proceeding pro se, objects to Magistrate Judge Andrew E. Krause's April 27, 2022, Decision and Order (Doc. #59), denying plaintiff's application to revise the scheduling order in this case (Docs. ##50, 54) to allow for plaintiff's service of an additional expert disclosure authored by plaintiff himself. (Doc. #56). Judge Krause concluded the opinions plaintiff offers in his self-authored report cannot be used to support his claims in this case, and that any purported expert testimony plaintiff would seek to offer based on his report would be inadmissible. The magistrate judge thus concluded it would be futile and unnecessarily time-consuming to expand the discovery record to allow for the inclusion of plaintiff's self-authored report.

      The Court construes plaintiff's motion as objections to the Decision and Order under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A).

      A district court reviewing a magistrate judge's order resolving a non-dispositive matter must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous or contrary to law" test "is a highly deferential standard, and the objector thus carries a heavy burden." Khaldei v. Kaspiev, 961 F.Supp.2d 572, 575 (S.D.N.Y.2013).

      The "clearly erroneous" prong of the test focuses on the magistrate judge's factual findings, which are "clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Khaldei v. Kaspiev, 961 F.Supp.2d at 575. The "contrary to law" prong is concerned with the magistrate judge's legal conclusions, which are "contrary to law" if they "run[ ] counter to controlling authority." Pall Corp. v. Entegris, Inc., 655 F.Supp.2d 169, 172 (E.D.N.Y.2008).

      The Court has reviewed Judge Krause's thorough and well-reasoned Decision and Order, plaintiff's proposed self-authored expert report, the briefing on the motion before Judge Krause, and the briefing on plaintiff's objections. The Court finds no error, clear or otherwise, and no rulings contrary to law.

      Accordingly, the Court OVERRULES plaintiff's objections to the Decision and Order.

1

The Clerk is instructed to terminate the motion. (Doc. #61).

Dated: June 23, 2022
       White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge